IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00312-REB-MEH

BETTIE WEATHERSPOON, individually and on behalf of all others similar situated,

    Plaintiff,

v.

ROHN DAVID MILLER,
GIZELA MILLER,
RACHEL BLANDIN,
BRETTLEY EVANS,
MICHAEL WILSON,
WASSIM HALABI,
PROVINCETOWNE MASTER OWNERS ASSOCIATION, INC., a Colorado not for profit corporation,
CHARLES KAINE,
KRISTA MALONEY,
STAN WITKOWSKI,
KYLE PERCY,
JEFFERY WARREN,
MSI, LLC, a Colorado limited liability corporation,
TODD FACKLER,
KATHLEEN LORA,
RANDY HEGWOOD,
LAUREN JACQUES,
HINDMANSANCHEZ PC, a Colorado corporation,
BRIAN E. MARTIN,
DEBRA J. OPPENHEIMER,
LOURA K. SANCHEZ,
WILLIAM H. SHORT,
MOLLY C. LUCAS,
COOPER & DORANCY, LLC, a Colorado limited liability company,
RENEE V. COOPER,
DONALD R. RICE,
JILL DORANCY-WILLIAMS,
ANDREW E. EVANS, JR.,
DAVID PAUL SMITH,
ALL PROPERTY SERVICES, INC., a Colorado limited liability company,
KIRSTEN MCKAY, and
JOHN DOES 1 THROUGH 99,

    Defendants.

**ORDER ON DEFENDANTS' MOTION TO STAY**

Before the Court is an Uncontested Motion to Stay Scheduling Conference and Disclosures Required Pursuant to Rule 26 filed by Defendants Rachel Blandin and Anthony Blandin [filed April 14, 2011; docket #39]. The matter has been referred to this Court for disposition [docket #40]. For the reasons that follow, Defendants' motion is **denied**.

## I.     Background

Plaintiff instituted this action on February 7, 2011. In essence, Plaintiff alleges that Defendants engaged in a "conspiracy to commit fraud upon the Plaintiff in order to deprive her of her property." *See* Complaint and Jury Demand at docket #1. Among others, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment's due process and equal protection clauses and the First Amendment, 42 U.S.C. § 1985 for conspiracy, 42 U.S.C. § 3617 for retaliation, breach of contract, fraud, and negligent and intentional infliction of emotional distress. *Id.* at 3. Those Defendants who have appeared in this case have filed various pleadings responding to the Complaint, including four motions to dismiss and a motion for summary judgment. *See* dockets #25, #29, #30, #33, and #35.

In the present motion, Defendants Rachel and Anthony Blandin (hereafter, "Movants") seek an order protecting them and all other parties from proceeding with the scheduling conference and discovery in this matter until all dispositive motions are resolved. Motion at docket #39. Movants state "it would be in the best interest [sic] of the parties and for judicial economy to stay the Scheduling Conference and Rule 26 disclosures until such time as the Court has entered rulings on the various pending motions which may dispose of most, if not all, of the claims against these defendants." *Id.*, ¶5.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

In determining whether to grant a stay, courts typically balance the following factors taking into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

First, according to Movants, the Plaintiff has consented to the Movants' requested stay; thus, she has not articulated any interest in proceeding expeditiously with the case.

Second, although not stated clearly in the motion, Movants apparently believe that it would be unduly burdensome to proceed with discovery in this matter. However, unless the challenged

discovery is unduly burdensome on its face, a party seeking a protective order based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense. *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003). Here, there is no indication that discovery in this case is facially burdensome, and Movants have submitted no affidavits nor any explanation as to the nature and extent of any claimed burden. Moreover, the record reflects that neither the Movants nor any other party in this case has asserted a jurisdictional defense pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(2) for which stays of discovery are generally favored. Without affidavits, documentation or detailed explanation, the Court cannot determine the extent of the burden on the Movants and cannot justify imposing an indefinite stay of the proceedings in this matter. Therefore, the Court finds this factor weighs against granting the requested stay.

Third, Movants seek to stay discovery in this matter indefinitely until the pending dispositive motions are resolved. A stay of all discovery is generally disfavored in this District. *See Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). This is particularly true in cases requesting indefinite stays, which could substantially delay the ultimate resolution of the case, with adverse consequences such as a decrease in evidentiary quality and witness availability. The general interests of controlling the court's docket and the fair and speedy administration of justice prompt the Court to find that this factor weighs against granting the requested stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Movants make no argument concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a stay of these proceedings.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that the Movants' request must be denied. Without sufficient evidence of Movants' claimed burden, the Court cannot justify the imposition of an indefinite stay of discovery in this matter.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that the Uncontested Motion to Stay Scheduling Conference and Disclosures Required Pursuant to Rule 26 filed by Defendants Rachel Blandin and Anthony Blandin [filed April 14, 2011; docket #39] is **denied**.

Dated at Denver, Colorado, this 19th day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge